**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DISTRICT**

| | | |
|---|---|---|
| **DELIA REID** | : | |
| Plaintiff, | : | Case No. 2:26-cv-00419-DLB-CJS |
| v. | : | Judge: Candace J. Smith |
| **UNITED RADIO, INC. d/b/a BLUESTAR, INC., ET AL.** | : | **MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL** |
| Defendants. | : | |

NOW COMES Plaintiff Delia Reid ("Plaintiff" or "Reid"), and requests permission to file her Complaint under seal pursuant to LR 5.6(c). A Memorandum in Support of this Motion and Proposed Order granting this Motion are attached for the Court's consideration.

Respectfully submitted,

/s/ *Joshua M. Smith*
Joshua M. Smith (098835)
Peter A. Saba (084574)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 – facsimile
jms@sspfirm.com
*Counsel for Plaintiff Delia Reid*

**MEMORANDUM IN SUPPORT**

In order to initiate claims under the Equal Pay Act, Title VII, and Kentucky law including claims for wrongful discharge in contravention of public policy, Plaintiff has filed a complaint in this Court. However, because the allegations necessary to plead such claims requires disclosing information which may be covered under either the attorney-client privilege or under a Confidentiality Agreement between Plaintiff and Defendant, Plaintiff has redacted portions of the complaint subject to these restrictions.

Thus, in an effort to adequately plead her claims while protecting such information from public disclosure, Plaintiff requests permission to file an unredacted version of her Complaint under seal.

## I. LEGAL BACKGROUND

While courts employ a strong presumption in favor of keeping court records open to the public, documents can be filed under seal in this Court when there is a compelling interest in having the record sealed, when the interests in sealing outweigh the public's right of access, and when the proposed seal is narrowly tailored. See *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983); *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). Typically, this presumption can only be overcome by issues of trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), or information required by statute to be maintained in confidence. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir. 2016).

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law, encouraging full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law

and administration of justice. See *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). If Plaintiff's Motion is not granted, potential confidential legal discussions between Plaintiff and Defendant could be exposed to the public. While the public has a strong interest in their right of access to court records, this interest is eclipsed by the interest this Court has in protecting attorney-client privilege.

Beyond attorney-client privilege, courts also recognize the merit of filing complaints under seal where they incorporate confidential, proprietary, or trade secret information. *CellMark, Inc. v. Webster*, Civil Action No. 2:24-cv-00181-SCM-CJS, 2026 LX 202306 (E.D. Ky. May 8, 2026) (citing *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635 (6th Cir. 2019)("[T]he existence of a trade secret will generally satisfy a party's burden of showing a compelling reason exists for sealing documents").

## II. ARGUMENT

Plaintiff's Complaint alleges conduct that occurred while Plaintiff was employed as Defendant BlueStar, Inc.'s General Counsel, including conduct which may constitute legal advice and/or relate to trade secrets or other confidential or proprietary information subject to a Confidentiality Agreement with BlueStar. This includes communications that could be considered legal advice that Plaintiff provided to the Defendants, but has also been placed at issue by Defendants through terminating or otherwise retaliating against Plaintiff for that very advice. This gives rise to claims for wrongful termination in violation of public policy under Kentucky law, and thus is relevant to the litigation. At the same time, the nature of the information requires protection from public disclosure.

Plaintiff is unaware of the availability of any less restrictive alternative at this time, and has engaged in efforts to leave unredacted portions of the complaint which are not subject to such protections. As such, Plaintiff respectfully requests that this Court grant her Motion and allow her leave to file an unredacted version of her Complaint under seal.

Respectfully submitted,

/s/ *Joshua M. Smith*
Joshua M. Smith (098835)
Peter A. Saba (084574)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2999 – facsimile
jms@sspfirm.com
*Counsel for Plaintiff Delia Reid*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, a copy of the foregoing was served upon the following by ordinary mail:

United Radio, Inc. d/b/a BlueStar, Inc.
3345 Point Pleasant Road
Hebron, Kentucky 41048

Doug Bivens
3345 Point Pleasant Road
Hebron, Kentucky 41048
*Statutory Agent for Defendant United Radio, Inc.*

William R. Given
2162 Clarkston Lane
Union, KY 41091-9753

Melissa Bolen
1835 Fair Meadow Drive
Florence, KY 41042-8064

David Von Hoene
3515 Reeves Drive
Covington, KY 41017-9436

/s/ *Joshua M. Smith*
Joshua M. Smith (098835)